# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4785 - (01CR 321-1) | **DATE** | 7/31/2003 |
| **CASE TITLE** | USA vs. MIGUEL LINZON-SALAZ | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: the Court denies Linzon-Salaz's motion to vacate his sentence pursuant to 28 U.S.C. Section 2255. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

TBK   courtroom deputy's initials

number of notices

AUG 0 1 2003
date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

U.S. DISTRICT COURT
CLERK

03 JUL 31 PM 4:44

FILED FOR DOCKETING

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 4785 (01 CR 321-1) |
| | ) | |
| MIGUEL LINZON-SALAZ, | ) | Judge Ronald Guzmán |
| | ) | |
| Defendant. | ) | |

DOCKETED
AUG 1 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Miguel Linzon-Salaz's motion to vacate his sentence

pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court denies defendant's

motion.

## FACTS

On May 22, 2002, defendant pleaded guilty to one count of 8 U.S.C. § 1326(b) for having

illegally reentered the United States after previously being convicted of an aggravated felony.

Defendant was sentenced by this Court to 78 months incarceration on September 27, 2001.

Defendant filed this motion pursuant to 28 U.S.C. § 2255 on July 3, 2002, seeking relief on two

grounds. Defendant first argues that he received ineffective assistance of counsel because his

trial counsel failed to raise these issues before the Court. Defendant also argues that the basis for

the offense charged in the indictment was a prior deportation that was constitutionally deficient.

## DISCUSSION

A court will grant a section 2255 petitioner relief if he can "demonstrate that there are flaws in [his] conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir.1995). However, a habeas petitioner who raises a constitutional claim for the first time in a section 2255 petition must establish that he had good cause for failing to raise the issue on appeal and he suffered actual prejudice as a result of the alleged error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

### I. Procedural Default

A district court cannot reach the merits of an issue presented in a section 2255 petition unless that issue has been raised in a procedurally appropriate manner. *Theodorou v. United States*, 887 F.2d 1336, 1338 (7th Cir. 1989). A section 2255 petition "will not be allowed to do service for an appeal." *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988). Absent a showing of cause for the procedural default and actual prejudice resulting from petitioner's alleged errors, the failure to raise an issue which could have been raised on direct appeal precludes section 2255 review. *Williams v. United States*, 805 F.2d 1301, 1306-07 (7th Cir. 1986).

Ineffective assistance of counsel may constitute "cause" for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's conduct fell below an objective standard of reasonableness, and (2) "but for counsel's unprofessional error, the result of the proceeding would have been different." *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990). Counsel is assumed

effective; thus, the burden is heavy on the petitioner to prove that his counsel was ineffective and his defense prejudiced. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993).

Defendant argues that because the basis for the offense charged in the indictment was based on a prior deportation that was constitutionally deficient, his sentence should be vacated. However, defendant failed to raise this claim on direct appeal, and accordingly, he must now show both that he has good cause for having failed to raise the issue on direct appeal and that he was actually prejudiced as a result of the default.

Defendant contends that the reason why he failed to raise the issue on direct appeal was because his trial counsel was "unaware of the legal basis for the claim." (Pet'r's Mot. Vacate, ¶ 13.) The case on which defendant relies in support of his section 2255 petition, I.N.S. v. St. Cyr, CITE, was decided on June 25, 2001. On September 27, 2001, defendant entered a plea of guilty and was sentenced to 78 months of imprisonment on September 27, 2001. Defendant neither raised this issue before this Court nor raised it on direct appeal.

Defendant's claim of ineffective assistance of counsel is not enough to satisfy cause for his delay in raising this issue. It is not the Court's position to try and determine whether the failure to raise such an issue was a mistake or a matter of strategy. Here, defendant has neither shown that his counsel's conduct fell below an objective standard of reasonableness nor shown that the outcome of his claim would have been different but for counsel's unprofessional errors. Ultimately, defendant has failed to show either element of ineffective assistance of counsel, and thus he is precluded from using ineffective assistance of counsel as cause for his default.

Further, defendant has not addressed how he has been prejudiced. To show prejudice stemming from ineffective assistance of counsel, defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different, and that the deficient performance made the proceedings fundamentally unfair or unreliable. *Strickland v. Washington*, 466 U.S. 671, 694 (1984). "Not every adverse consequence of counsel's choices is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). An analysis focusing solely on mere outcome determination, without regard to whether the result of the proceeding was fundamentally unfair, is defective. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Defendant contends that he would have sought relief had he been informed and he would have sought an appeal had the initial attempt at relief been denied. However, as discussed below, the Court finds that the outcome would not have changed even if he had raised his argument previously. Moreover, "[a]ppellant's ignorance of the law . . . does not, in and of itself, constitute the 'complete miscarriage of justice' that § 2255 is intended to remedy; nor does it satisfy the cause and prejudice requirements necessary to excuse [a]ppellant's failure to seek relief on direct appeal." *United States v. Weiss*, 902 F. Supp. 326, 329 (N.D.N.Y. 1995) (quoting United States v. Wright, 524 F.2d 1100, 1101 (2d Cir. 1975)). In sum, the Court finds that defendant is procedurally barred from raising the issue presented in his section 2255 motion because he did not raise the issue previously and because he has herein failed to establish cause and prejudice.

## II.    Merits

Even if defendant was not procedurally barred from raising his claims, his petition would fail on the merits. Although defendant relies heavily on *I.N.S. v. St. Cyr,* 533 U.S. 289 (2001), throughout his brief, that decision is of no assistance to him. In that case, the Supreme Court held that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996

4

("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

("IIRIRA"), which narrowed the class of deportable aliens who are eligible for a discretionary

waiver of deportation, may not be applied retroactively to lawful permanent residents who were

otherwise eligible for such relief at the time they pleaded guilty. *See id.* Before the changes to

AEDPA and IIRIRA came into effect, section 212(c) of the Immigration and Nationality Act of

1952 gave the Attorney General the discretion to waive certain deportations. However, as it was

stated in *St. Cyr*, the changes to AEDPA identified certain offenses which precluded alien

discretion, specifically, section 401. 533 U.S. at 326. Further, IIRIRA repealed section 212(c)

and replaced it with a provision, specifically 8 U.S.C. § 1229b(a)(3), that excluded from the

class anyone who was convicted of an aggravated felony. *Id.* While section 212(c) relief

remains available for those aliens who would have been eligible for section 212(c) relief at the

time of their plea under the law then in effect, those aliens who seek section 212(c) relief under

the current changes to AEDPA and IIRIRA are no longer afforded discretion from the Attorney

General. *Id.*

In the present case, defendant was deported on February 12, 1999, after being convicted

of several crimes, including armed robbery in May 1996, robbery in December 1996, and

unlawful use of a weapon by a felon in July 1998. AEDPA and IIRIRA were enacted in 1996.

Defendant's conviction for unlawful use of a weapon by a felon (categorized as an aggravated

felony, see 8 U.S.C. § 1101(43(E)(ii) and 18 U.S.C. § 922(g)(1)) occurred in 1998. Therefore,

defendant's conviction for an aggravated felony occurred after the alterations of IIRIRA, and the

Supreme Court's holding in *St. Cyr* is inapplicable to the case at bar.

Further, the Court's holding in *St. Cyr* does not apply here because, unlike St. Cyr, who

was a permanent resident, defendant was not lawfully admitted for permanent residence in the

United States. (*See* Gov't's Suppl. Response, Ex. C.) Because defendant was not a lawful resident of the United States, he was ineligible for a waiver at the time of his 1996 convictions.

Accordingly, for all of these reasons, the Court finds the *St. Cyr* case inapposite. The Court therefore finds that even if defendant was not procedurally barred from raising his claims, his petition would have failed on the merits.

## CONCLUSION

For the reasons set forth above, the Court denies Linzon-Salaz's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This case is hereby terminated.

**SO ORDERED**                    **ENTERED:**   7/31/03

**HON. RONALD A. GUZMAN**
**United States Judge**